UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT CHRISTOPHER REILLY III
and SUZANNE DOROTHY REILLY,

Plaintiffs,

v.

BRIAN T. MOYNIHAN, et al.,

Defendants.

2:10-CV-1005 JCM (RJJ)

**ORDER**

Presently before the court is defendants Rande Johnsen's and Kevin Hahn's motion to dismiss complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #10). Plaintiff responded (doc. #13), and defendants replied (doc. #18). Defendants R.K. Arnold and Brian T. Moynihan have joined the motion to dismiss. (Doc. #14).

Pro se litigants are held to a less stringent pleading standard than attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, all complaints must set forth enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court evaluates the pleading according to Federal Rule of Civil Procedure 8, which requires a short and plain statement showing that the pleader is entitled to the relief sought.

To comply with Rule 8, a complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). Moreover, the complaint should not contain irrelevant or only slightly relevant material. *Id.* It is the plaintiffs' duty to ensure the complaint is coherent, logical, and well-organized. *Hearns*,

**James C. Mahan**
**U.S. District Judge**

1  537 F.3d at 1127.

2  Here, the court agrees with defendants that the complaint appears to be a voluminous smattering of legal authorities cut from various websites. Furthermore, the complaint and its ten attachments total 420 pages (doc. #1) and consistently fail to meet the pleading requirements. For example, the section of the complaint entitled "plaintiff's claims" offers a 19-point list of allegations but fails to cite a single, legal cause of action. Several pages later, the complaint cites "some Arizona revised statutes . . . as we could not locate the corresponding Nevada statutes." (Doc. #1).Thus, the plaintiffs have failed to link specific facts to specific claims and have not provided defendants with notice of the claims against them.

Federal Rule of Civil Procedure 41allows a court to dismiss a complaint with prejudice if the complaint fails to comply with the Federal Rules. However, a court should not dismiss with prejudice under Rule 41 before considering less drastic alternatives. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

In the instant case, the court finds dismissal without prejudice is warranted. If plaintiffs choose to pursue the causes of action, they should revise the complaint to: (1) succinctly state the facts, linking them to specific defendants and legal theories, and (2) exclude quoted information that is unnecessary to prove the case. If plaintiffs' amended complaint fails to meet the requirements of Rule 8, this court may then consider dismissal with prejudice under Rule 41. *McHenry*, 84 F.3d at 1130.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that *Reilly et al v. Moynihan et al.* (2:10-cv-01005-JCM-RJJ) be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that all pending motions are hereby vacated and denied as moot.

DATED September 24, 2010.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -